UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JILL L. STOFFEL,

                 Plaintiff,                         Case No. 6:12-cv-00513-ST

         v.                              **FINDINGS AND RECOMMENDATION**

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,[1]

                 Defendant.

**STEWART, Magistrate Judge:**

## <u>INTRODUCTION</u>

Plaintiff, Jill L. Stoffel, ("Stoffel"), seeks judicial review of a final decision by the Social

Security Commissioner ("Commissioner") denying her application for Supplemental Security

Income ("SSI") under Title XVI of the Social Security Act ("SSA"), 42 USC §§ 401–33.  This

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to
FRCP 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.  No further action
need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 USC
§ 405(g).

Court has jurisdiction pursuant to 42 USC § 405(g).  For the reasons set forth below, the Commissioner's decision should be reversed and remanded for an award of benefits.[2]

## ADMINISTRATIVE HISTORY

Stoffel protectively filed for SSI on February 9, 2009.  Tr. 34, 120-25.[3]  After her application was denied both initially and on reconsideration, Stoffel requested a hearing before an Administrative Law Judge ("ALJ").  Tr. 72-76, 83-88.  On November 10, 2010, ALJ James Yellowtail held a hearing at which Stoffel was represented and testified, as did a Vocational Expert ("VE"), C. Kay Wise.  Tr. 29-69.  On December 30, 2010, the ALJ issued a decision finding Stoffel not disabled within the meaning of the Act.  Tr. 10-18.  On January 19, 2012, the Appeals Council denied Stoffel's request for review, making ALJ Yellowtail's decision the final decision of the Commissioner.  Tr. 1–4, 20 CFR § 416.1481.

## BACKGROUND

Stoffel was born in 1962.  Tr. 36.  She obtained a GED and took a few college courses in 1997.  Tr. 37, 141.  She has no past relevant work, having never worked at substantial gainful activity levels.  Tr. 57.  Stoffel alleges that she began suffering from cervical spondylosis in approximately 1995.  Tr. 34.  She became unable to work on August 1, 2008, due to osteoporosis and severe arthritis of the spine and neck which causes numbness in her right arm and chronic pain in her neck and spine.  Tr. 38, 136.

///

## DISABILITY ANALYSIS

---

[2]  In a subsequent application, the Social Security Administration awarded Stoffel SSI benefits beginning December 1, 2012. Plaintiff's Exhibits (docket #33).  Stoffel requests that any remand ordered in this case not consider the time period after December 1, 2012, in order not to disturb this later decision.

[3]  Citations are to the page(s) indicated in the official transcript of record filed on August 21, 2012 (docket #12).

FINDINGS AND RECOMMENDATION, Page 2

In construing an initial disability determination, the Commissioner engages in a sequential process encompassing between one and five steps.  20 CFR § 416.920; *Bowen v. Yuckert*, 482 US 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity.  If so, the claimant is not disabled.  20 CFR § 416.920(a)(4)(i).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12–month durational requirement.  20 CFR § 416.909, 416.920(a)(4)(ii).  Absent a severe impairment, the claimant is not disabled.  *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the regulations.  20 CFR § 416.920(a)(4)(iii); 20 CFR Pt. 404, Subpt P, App 1 (Listing of Impairments).  If the impairment is determined to meet or equal a listed impairment, then the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC").  The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite the limitations imposed by his or her impairments.  20 CFR § 416.920(e); Social Security Ruling ("SSR") 96–8p, *available at* 1996 WL 374184.

At step four, the ALJ uses the RFC to determine if the claimant can perform past relevant work.  20 CFR § 416.920(a)(4)(iv).  If the claimant cannot perform past relevant work, then at step five, the ALJ must determine if the claimant can perform other work in the national economy.  *Yuckert*, 482 US at 142; *Tackett v. Apfel*, 180 F3d 1094, 1099 (9th Cir 1999); 20 CFR § 416.920(a)(4)(v).

FINDINGS AND RECOMMENDATION, Page 3

The initial burden of establishing disability rests upon the claimant.  *Tackett*, 180 F3d at 1098.  If the process reaches step five, the burden shifts to the Commissioner to show that jobs exist in the national economy within the claimant's RFC.  *Id.*  If the Commissioner meets this burden, then the claimant is not disabled.  20 CFR § 416.966.

### ALJ'S FINDINGS

At step one, the ALJ found that Stoffel had not engaged in any substantial gainful activity since the application date of February 17, 2009.  Tr. 12.  At step two, the ALJ determined that Stoffel suffers from the severe impairment of cervical degenerative disc disease.  *Id*.  The ALJ found Stoffel's arthritis, lateral epicondylitis, high cholesterol, and hepatitis to be non-severe impairments.  Tr. 13.  At step three, the ALJ found that Stoffel's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment.  Tr. 13-14.

Because Stoffel did not establish disability at step three, the ALJ continued to evaluate how her impairments affected her ability to work.  The ALJ concluded that Stoffel had the RFC to perform light work with the following limitations:

> She can lift and/or carry 20 pounds occasionally and 10 pounds frequently.
> She can stand and/or walk with normal breaks for a total of about six
> hours in an eight-hour workday.  She can sit with normal breaks for a total
> of about six hours in an eight-hour workday.  The claimant can frequently
> balance, stoop, kneel, crouch, and climb ramps and stairs.  She can
> occasionally crawl and climb ladders, ropes and scaffolds.  She is limited
> to frequent handling and fingering.  Because of medication side effects
> and the effects of pain, the claimant is limited to unskilled work because
> of interference with the ability to attend and concentrate.

Tr. 14.

At step four, the ALJ found that Stoffel has no past relevant work.  Tr. 16.  At step five, the ALJ found that, based on the VE's testimony, Stoffel was capable of performing jobs that

FINDINGS AND RECOMMENDATION, Page 4

exist in significant numbers in the national economy.  Tr. 17.  Accordingly, the ALJ concluded

that Stoffel was not disabled at any time between February 17, 2009,[4] and the date of his

decision, December 30, 2010.  Tr. 17-18.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence in the record.  42 USC

§ 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F3d 1190, 1193 (9th Cir 2004).  The court

must weigh the evidence that supports and detracts from the ALJ's conclusion.  *Lingenfelter v.

Astrue*, 504 F3d 1028, 1035 (9th Cir 2007), citing *Reddick v. Chater*, 157 F3d 715, 720 (9th Cir

1998).  The reviewing court may not substitute its judgment for that of the Commissioner.  *Id*,

citing *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 882 (9th Cir 2006); *see also Edlund v.

Massanari*, 253 F3d 1152, 1156 (9th Cir 2001).  Variable interpretations of the evidence are

insignificant if the Commissioner's interpretation is a rational reading.  *Lingenfelter*, 504 F3d

at 1035; *Batson*, 359 F3d at 1193.

## FINDINGS

Stoffel argues that the ALJ erred by:  (1) making a negative credibility finding and

rejecting portions of her testimony; (2) improperly rejecting the opinion of her treating physician,

Mary Gabrielle, M.D.; (3) failing to incorporate the reaching restriction identified by the

reviewing physician, Mary Ann Westfall, M.D.; and (4) relying on the testimony of a VE that

was premised on a legally deficient hypothetical.  Stoffel contends that remanding for an

immediate award of benefits is the appropriate remedy.  The Commissioner acknowledges some

---

[4] At the hearing, the ALJ granted Stoffel's request to amend the onset date to match the protective filing date of
February 9, 2009.  Tr. 34.  It is unclear why the ALJ's decision uses February 17, 2009, and not February 9, 2009.

errors were committed by the ALJ, but seeks a remand for further administrative proceedings. This Court concludes that no further administrative proceedings are warranted, other than to calculate and pay benefits.

I.      **Acknowledged Errors**

The ALJ's RFC assessment includes no reaching limitation and finds that Stoffel is capable of lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, as well as "frequent handling and fingering."  Tr. 14.  Although not explicitly noted in the ALJ's findings, the ALJ clearly rejected:  (1) Stoffel's testimony that she experienced pain in her arms and numbness in her thumbs and could not lift anything; (2) Dr. Gabriele's opinion that Stoffel would be unable "to perform most jobs which require fingering, grasping, and handling" (Tr. 298); and (3) Dr. Westfall's assessment that Stoffel is limited to only occasional overhead pushing, pulling, and reaching due to the condition of her cervical spine (Tr. 219, 221).

The Commissioner agrees that the ALJ erred in failing to:  (1) include Dr. Westfall's finding that Stoffel is limited in reaching in all directions, including overhead; (2) consider Dr. Gabriele's opinion in its entirety; and (3) address whether Dr. Westfall's opinion impacted Stoffel's credibility.  Based on these errors, the Commissioner contends that this case should be remanded for further administrative proceedings.  As discussed below, this Court concludes that the ALJ provided insufficient reasons to reject Stoffel's testimony and to reject the opinion of Dr. Gabriele as to limitations on fingering, grasping and handling.  If that testimony and opinion were credited and combined with the acknowledged error of failing to include the reaching limitation included by Dr. Westfall, the Commissioner would have to find Stoffel disabled.

///

FINDINGS AND RECOMMENDATION, Page 6

A.    **Dr. Gabriele**

On January 23, 2009, Dr. Gabriele examined Stoffel, who described several previous injuries to her neck and back, including a fall on rocks at age 14 or 15 that left her comatose for a week, a car accident a year later, and a broken collar bone the following year.  Tr. 249.  The pain resulting from those injuries, the last of which was nearly 30 years earlier, was "not very severe" and would come and go.  *Id*.  However, in late 2008, Stoffel fell onto her right side after hitting a curb while riding a bicycle.  *Id*.  She then began experiencing severe pain on the right side of her neck and arm where she broke her collar bone, as well as pain radiating down into her mid and lower back.  *Id*.  Dr. Gabriele prescribed physical therapy for her neck and back and ordered x-rays of her cervical, thoracic and lumbar spine.  Tr. 250.

At her next appointment with Dr. Gabriele on February 28, 2009, Stoffel reported continuing right-sided neck pain going down into her arms and numbness in her fingers.  Tr. 244.  She felt that physical therapy was actually making her neck pain worse and reported an inability to lift anything as well as dizzy spells and lightheadedness.  *Id*.  Chart notes from subsequent examinations reveal continuing problems with neck and back pain, pain and numbness in Stoffel's hands and digits, and difficulty lifting.  Tr. 237-39 (March 27, 2009: severe neck pain, numbness in left arm and thumb and first finger of both hands), 231-33 (May 1, 2009: neck pain, numbness in hands), 282-84 (November 17, 2009: persistent pain in neck and back), 280-81 (November 30, 2009: neck and back pain, tingling in hands), 279 (December 8, 2009: pain in thumbs, from right thumb to elbow), 275 (January 6, 2010: numbness in right thumb, arms and elbows), 272-73 (January 27, 2010: right-sided elbow pain), 270-71 (March 2, 2010: ongoing pain in neck, arms, hands and thumb; difficulty lifting), 303-04 (May 4, 2010: chronic neck pain;

worsening right arm pain and weakness, persistent numbness in thumb, pain from hand to collarbone).

On April 10, 2010, Dr. Gabriele opined that "with her pain impairment level and her weakness in her right arm and numbness in her fingers, it would be very difficult for [Stoffel] to perform most jobs that require fingering, grasping and handling." Tr. 298. Although the ALJ purported to be give Stoffel "the benefit of the doubt" by limiting the RFC to "frequent handling and fingering" (Tr. 16), he in fact rejected Dr. Gabriele's opinion as to a greater limitation. In doing so, the ALJ pointed to the normal nerve conduction velocity testing and EMG studies of Stoffel's right upper arm performed on April 7, 2009 (Tr. 234-36) and May 18, 2010 (Tr. 300-02). Tr. 14-15.

The difficulty with the ALJ's rationale is the lack of supporting medical evidence in the record. Dr. Gabriele knew that the nerve conduction and EMG studies were negative. Tr. 232-33, 271, 279, 303-04. Nevertheless, she endorsed a significant limitation in Stoffel's ability to finger, grasp, and handle, finding that her "severe neck pain, weakness and numbness in her hands and right arm are likely to be a result of her cervical osteoarthritis and spondylosis." Tr. 298. Stoffel's cervical osteoarthritis and spondylosis have been an ongoing part of Stoffel's diagnosis since her first visits with Dr. Gabriele in early 2009. No medical evidence in the record contradicts Dr. Gabriele's opinion that Stoffel's difficulty with fingering, grasping, and handling are caused by these twin diagnoses, nor does anything in the record, other than the ALJ's unsupported conclusion, indicate that normal nerve conduction velocity testing and EMG studies somehow cast doubt on the existence or degree of symptoms described by Stoffel or the limitation indicated by Dr. Gabriele.

FINDINGS AND RECOMMENDATION, Page 8

Dr. Gabriele also opined that Stoffel's "experience of her pain is likely to be severe enough to interfere with the attention and concentration needed to perform even simple work tasks." Tr. 298. The ALJ did limit Stoffel to unskilled work "because of interference with the ability to attend and concentrate" due to the effects of pain, but stopped short of fully endorsing Dr. Gabriele's limitation. Tr. 14. However, the ALJ gave no specific or legitimate reason to reject this portion of Dr. Gabriele's opinion, much less a clear and convincing reason.

Accordingly, this court finds no basis to reject Dr. Gabriele's opinions.

### B.    Stoffel's Testimony

At the hearing, Stoffel testified that she has back pain, constant pain in the right side of her neck, and pain in the left side of her neck that comes and goes, which render her unable to lift anything. Tr. 39, 53. Constant numbness in her right hand and intermittent numbness in her left thumb contribute to her inability to lift. Tr. 50-51. She can hardly lift a gallon of milk and is unable to lift her toddler-aged granddaughter whom she watches a couple of days a week. Tr. 38-39, 46-47, 49, 52. She cannot reach on an "ongoing basis" and cannot lift and carry objects from one place to another because she is "going numb in [her] thumbs and the use of [her] arms is not there." Tr. 48; *see also* Tr. 50.

Stoffel can take care of her personal hygiene and "for the most part" can do everyday household chores. Tr. 45. However, if she vacuums or lifts too much, she "pay[s] for it for days." *Id*. She doesn't "really do too much, except takes care of [her] house . . . [t]he best she can." Tr. 46. She cannot walk, stand, or sit for more than about three hours at a time due to pain in her knees, hip and back. Tr. 47-48. Stoffel takes a number of prescription painkillers, including Vicodin, Neurontin, Naproxen, and Cyclobenzaprine. Tr. 41, 53. Side effects include

drowsiness and depression.  Tr. 53-54.  Dr. Gabriele recommended that Stoffel see an orthopedic surgeon about surgery, but Stoffel did not follow through since Oregon's "Bridges" benefits plan does not cover surgery.  Tr. 42.

Stoffel argues that the ALJ failed to provide a clear and convincing reason for rejecting her subjective symptom testimony regarding the extent of her impairments.  When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F3d 1273, 1281 (9th Cir 1996) (citation omitted).  A general assertion that a claimant is not credible is insufficient; the ALJ "must state which [subjective symptom] testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F3d 915, 918 (9th Cir 1993).  The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F3d 748, 750 (9th Cir 1995) (citation omitted).  If, however, the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F3d 947, 959 (9th Cir 2002) (citation omitted).

The ALJ found that Stoffel's "statements concerning the intensity, persistence and limiting effects of [her] symptoms" not credible to the extent they were inconsistent with the RFC.  Tr. 15.  The ALJ offered several reasons for discounting Stoffel's testimony.  First, the ALJ found that the "overall record and objective medical evidence" did not support the severity of the symptoms and limitations described by Stoffel.  *Id*.  However, this rejection was based on

the same reason for rejecting Dr. Gabriele's opinion, namely the lack of abnormal findings in the nerve conduction velocity testing and EMG studies.  *Id*.  As discussed above, no medical evidence supports the conclusion that a lack of abnormal findings in those tests undermines the upper arm symptoms and limitations.  Accordingly, this is not a clear or convincing reason for rejecting Stoffel's testimony.

Second, the ALJ found Stoffel's "range of activities" inconsistent with her testimony about the severity of her symptoms.  *Id*.  Daily activities can form the basis of an adverse credibility finding where they either contradict a claimant's other testimony or meet the threshold for transferable work skills.  *See Orn v. Astrue*, 495 F3d 625, 639 (9th Cir 2007).  A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F3d 1044, 1050 (9th Cir 2001); *see also Reddick v. Chater*, 157 F3d 715, 722–23 (9th Cir 1998) (requiring the level of activity to be inconsistent with the claimant's claimed limitations to be relevant to his or her credibility).  The ALJ questioned Stoffel's testimony, finding it "hard to believe" that she had difficulty lifting a gallon of milk if she could care for her granddaughter.  Tr. 49.  However, Stoffel explained that her granddaughter is able to get up on the couch to have her diapers changed and that Stoffel receives help from neighbors, if necessary.  Tr. 38-39, 47.  Stoffel's other daily activities involve engaging in minimal household tasks and taking care of her personal hygiene, none of which is inconsistent with her alleged symptoms.  In short, Stoffel's testimony about her daily activities does not contradict, and, therefore, provides no basis to reject, her symptom testimony.

FINDINGS AND RECOMMENDATION, Page 11

In sum, the reasons given by the ALJ are not clear and convincing and not supported by substantial evidence.  Thus, the ALJ's negative credibility finding should be rejected.

## II.    **Remedy**

A court must credit evidence that was rejected during the administrative process and remand for an immediate award of benefits where:  (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) no outstanding issues must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.  *Benecke v. Barnhart*, 379 F3d 587, 595 (9th Cir 2004).

This is such a case.  As discussed above, the Commissioner concedes that the ALJ failed to include the reaching limitation endorsed by Dr. Westfall.  The three jobs proposed by the VE at the hearing all require frequent reaching.  Tr. 63-64 (laundry checker, DOT # 299.667-014; small product inspector, DOT #713.684-018; optical goods inspector, DOT #713.684-038[5]).  In addition, the ALJ provided legally insufficient reasons to reject the "fingering, grasping, and handling" and "attention and concentration" limitations endorsed by Dr. Gabriele and Stoffel's underlying symptom testimony supporting these limitations.  The VE testified that unskilled jobs require a combination of grasping, fingering, manipulation, and handling that could not be separated, such that a person limited to" occasional handling and frequent fingering" could not sustain such employment.  Tr. 60-61.  Although the VE did not specifically address a limitation in reaching, the activity of reaching is intertwined with handling:

> Reaching, handling, fingering and feeling require progressively finer
> usage of the upper extremities to perform work-related activities.

---

[5] The VE gave this job as DOT # 731.684-038, which appears to be an inadvertent error.

> Reaching (extending the hands and arms in any direction) and handling
> (seizing, holding, grasping, turning or otherwise working primarily with
> the whole hand or hands) are activities required in almost all jobs.
> Significant limitations of reaching or handling, therefore, may eliminate a
> large number of occupations a person could otherwise do.

SSR 85-15, 1985 WL 56857, at *7 (1985).

Since reaching and handling are intertwined, limiting Stoffel to occasional reaching necessarily also limits her to occasional handling which, in turn, eliminates the unskilled jobs identified by the VE. Additionally, the VE testified that regular interruptions in the workday caused by the inability to concentrate or maintain attention due to the side effects of pain and pain medications would likewise preclude employment. Tr. 65.

In short, no outstanding issues must be resolved and, if the improperly discredited testimony and opinions were fully credited, it is clear the ALJ would be required to find Stoffel disabled.

## RECOMMENDATION

For the reasons stated above, the Commissioner's decision should be reversed and remanded pursuant to sentence four of 42 USC § 405(g) for the calculation and award of benefits prior to December 1, 2012.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 16, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

FINDINGS AND RECOMMENDATION, Page 13

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of April, 2013.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge